**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Giro Joseph Maderazzo, II, ) | No. CV-08-560-PHX-FJM |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Charles L. Ryan, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

    The court has before it petitioner's petition for writ of habeas corpus (doc. 1), respondents' response (doc. 14), petitioner's traverse (doc. 19), the report and recommendation of the United States magistrate judge (doc. 21), and petitioner's objections (doc. 22).

    Petitioner was found guilty of burglary, criminal damage, theft, trafficking in stolen property, and unlawful use of a means of transportation. He was sentenced to six concurrent terms of imprisonment, including two aggravated sentences of nine years imprisonment on Counts 4 and 6, trafficking in stolen property and theft, based on four aggravating factors: (1) pecuniary gain, (2) multiple victims, (3) taking advantage of employer-employee relationship, and (4) lack of remorse.

    In Ground One of his habeas petition, petitioner argues that the aggravated sentences imposed on Counts 4 and 6 violate the Sixth Amendment because the aggravating factors

1  used to enhance the sentences were not submitted to a jury in violation of <u>Blakely v.
2  Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004). Petitioner argues in Ground Two that
3  (a) trial counsel was ineffective for failing to call witnesses, (b) trial counsel was ineffective
4  for failing to object to his aggravated sentences; and (3) the prosecutor engaged in
5  misconduct by offering perjured testimony. After *de novo* consideration of the issues, we
6  accept the recommended decision of the United States magistrate judge, pursuant to Rule
7  8(b), Rules Governing § 2254 Cases, and deny the habeas petition.

8    The magistrate judge rejected petitioner's claim in Ground One, concluding that even
9  if we assume that petitioner had exhausted his state court remedies, the claim that his
10 aggravated sentences violate <u>Blakely</u> is without merit. Petitioner does not object to the
11 magistrate judge's conclusion on the merits of the Sixth Amendment claim. Instead, he
12 argues only that his claim is not procedurally defaulted.

13   We agree with the magistrate judge that even if petitioner had exhausted his state
14 court remedies, his claim would nevertheless fail on its merits. The aggravated sentences
15 were properly supported by the "multiple victims" aggravating factor, which was inherently
16 established by the jury's verdict of guilt on Counts 4 and 6–counts that involved multiple
17 victims. This aggravating factor did not require a jury finding and therefore properly
18 supported the aggravated sentences.

19   We also agree with the magistrate judge's rejection of petitioner's claims in Ground
20 Two of his habeas petition. In Ground 2(a), petitioner argues that his trial counsel was
21 ineffective for failing to present several witnesses who would have offered exculpatory
22 evidence. We first agree with the magistrate judge that this claim was not properly exhausted
23 in state court. But even if petitioner had properly presented the claim to the state court, it
24 nevertheless fails on its merits. Even if we assume that trial counsel's failure to call
25 petitioner's wife as a witness was deficient under <u>Strickland v. Washington</u>, 466 U.S. 668,
26 691-92, 104 S. Ct. 2052, 2066-67 (1984), petitioner cannot show that counsel's performance
27 prejudiced the outcome of the trial in light of the overwhelming evidence of petitioner's guilt.
28 Moreover, petitioner cannot establish ineffective assistance in trial counsel's failure to call

members of the cleaning crew as witnesses because petitioner offered no indication of how that testimony might have changed the outcome of the trial.

Finally, we agree with the magistrate judge that petitioner failed to present his claims in Grounds 2(b) (ineffective assistance of counsel for failing to object to the aggravated sentences) and 2(c) (prosecutorial misconduct) to the state courts. Petitioner does not object to these conclusions. We agree that these claims are technically exhausted and procedurally barred from federal habeas review.

**IT IS ORDERED DENYING** petitioner's petition for writ of habeas corpus (doc. 1).

DATED this 19th day of May, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge